UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

RAYMOND L. HICKS,

     Plaintiff,

v.

STONELEIGH RECOVERY ASSOCIATES, LLC, and
MSW CAPITAL, LLC,

     Defendants.

_____/

## COMPLAINT
## JURY DEMAND

1.     Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k.Venue in this District is proper because Plaintiff resides here and Defendants placed telephone calls and mailed a letter into this District.

## PARTIES

3.     Plaintiff, RAYMOND L. HICKS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.     Defendant, STONELEIGH RECOVERY ASSOCIATES, LLC, ("Stoneleigh") is a limited liability company formed under the laws of the State of Illinois and citizen of the State of Illinois with its principal place of business at 810 Springer Drive, Lombard, Illinois 60148.

5.      Stoneleigh is registered with the Florida Department of State Division of Corporations as a foreign limited liability company. Its registered agent for service of process is Corporation Service Company, 1201 Hayes Street, Tallahassee, Florida 32301.

6.      Stoneleigh is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7.      Stoneleigh regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8.      Stoneleigh regularly collects or attempts to collect debts for other parties.

9.      Stoneleigh is a "debt collector" as defined in the FDCPA.

10.     Defendant, MSW CAPITAL, LLC, ("MSW") is a limited liability company formed under the laws of the State of Florida and citizen of the State of Florida with its principal place of business at Suite 750, 1900 Main Street, Sarasota, Florida 34236.

11.     MSW is registered with the Florida Department of State Division of Corporations as a domestic limited liability company. Its registered agent for service of process is Cogency Global Inc., Suite 4, 115 North Calhoun Street, Tallahassee, Florida 32301.

12.     MSW is registered with the Florida Office of Financial Regulation as a consumer collection agency.

13.     MSW regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

2

14.     Stoneleigh is a "debt collector" as defined in the FDCPA.

## **FACTUAL ALLEGATIONS**

15.     Plaintiff incurred an alleged debt with Sunbelt Credit in the form of financing for an automobile which Plaintiff used for his own personal, family and household purposes, the "alleged debt".

16.     Plaintiff's  alleged debt with Sunbelt Credit went into default.

17.     MSW thereafter acquired the alleged debt.

18.     MSW retained Stoneleigh for the purpose of collecting the alleged debt.

19.     On or about June 12, 2017, Stoneleigh mailed a letter ("the collection letter") to Plaintiff seeking to collect the alleged debt on MSW's behalf, attached as Exhibit "A".

20.     Plaintiff received the letter shortly thereafter.

21.     The letter was the first communication Plaintiff received from Stoneleigh regarding the alleged debt.

22.     On information and belief, the letter was the first communication Stoneleigh sent to Plaintiff regarding the alleged debt.

23.     The collection letter states "Balance Due $627.69."

24.     Stoneleigh's letter is silent on the issue of interest.

25.     If the alleged debt is accruing interest, Stoneleigh has failed to inform Plaintiff of this fact.

3

26.     If the alleged debt is not accruing interest, Stoneleigh has still left the

amount of the debt in doubt, because Stoneleigh does not say whether the $627.69

mentioned will be accepted as full payment or not. The Second Circuit has held:

> We hold that a debt collector will not be subject to liability under Section
> 1692e for failing to disclose that the consumer's balance may increase due
> to interest and fees if the collection notice either accurately informs the
> consumer that the amount of the debt stated in the letter will increase over
> time, or clearly states that the holder of the debt will accept payment of the
> amount set forth in full satisfaction of the debt if payment is made by a
> specified date.

*Avila v. Riexinger & Assocs., LLC,* 817 F.3d 72 * (2d Cir. N.Y. Mar. 22, 2016)

27.     Stoneleigh deceptively and misleadingly stated the amount of the alleged

debt.

28.     On or about July 25, 2017, Stoneleigh left a message on Plaintiff's voice

mail stating in its entirety "at 844-503-1317 that's 844-503-1317 thank you".

29.     The message failed to disclose Stoneleigh is a debt collector.

30.     MSW is jointly liable to Plaintiff for Stoneleigh 's violations of the FDCPA

because it is also a debt collector. See *Pollice v. National Tax Funding, L.P.,* 225 F.3d

379, 405 (3d Cir. Pa. 2000); *McCorriston v. L.W.T., Inc.*, 2008 U.S. Dist. LEXIS 60006,

11-12 (M.D. Fla. Aug. 7, 2008); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872,

876 (N.D. Ill. 2006).

## COUNT I
## DECEPTIVE AND MISLEADING STATEMENT OF  THE AMOUNT OF THE DEBT

31.     Plaintiff incorporates Paragraphs 1 through 30.

32.     Stoneleigh's collection letter deceptively and misleadingly states the amount of the debt by failing to disclose whether the balance may increase due to interest and by failing to disclose whether MSW will accept payment of the stated amount in full satisfaction of the debt if payment is made by a specified date, in violation of 15 U.S.C. §1692e.  *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. 2016).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.     Damages;

b.     Attorney's fees, litigation expenses and costs of suit; and

c.     Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

33.     Plaintiff incorporates Paragraphs 1 through 30.

34.     Stoneleigh failed to disclose in the telephone message that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs*., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

a.     Damages;

b.     Attorney's fees, litigation expenses and costs of suit; and

5

c.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
don@donyarbrough.com


By: s/ Donald A. Yarbrough
      Donald A. Yarbrough, Esq.
      Florida Bar No. 0158658

6